UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SURAJ O. TAIRU,

      Petitioner,

-against-

UNITED STATES OF AMERICA,

      Respondent.

------------------------------------------------------------ X

05 CV 1078 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

AMENDED OPINION AND ORDER

ROSS, United States District Judge:

  Petitioner pro se Suraj Tairu filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on February 22, 2005. Petitioner was convicted on May 24, 1990 and sentenced on March 6, 1992. His conviction and sentence were upheld by the Court of Appeals on September 24, 1992. Before being sentenced by the district court, however, petitioner had filed with the court a letter requesting a new trial based upon newly discovered evidence, which the court construed as a motion to vacate pursuant to § 2255. By order dated February 2, 1993, after his conviction had been affirmed on appeal, the court denied petitioner's motion. Petitioner appealed to the Court of Appeals, which dismissed the appeal by order dated October 8, 1993, finding the appeal to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(I).

  By letter dated December 5, 2003, petitioner requested the district court's permission to file a second petition pursuant to § 2255. The court transferred petitioner's motion to the Court of Appeals, which denied the motion on March 30, 2004 on the ground that petitioner had not

1

met the criteria set forth in 28 U.S.C. § 2244(b). Notwithstanding that decision, petitioner filed a second habeas petition with the court on February 22, 2005. By order dated March 1, 2005 under docket number 92 Civ. 977, and amended order dated March 3, 2005 under docket number 05 Civ. 1078, this court transferred Tairu's petition to the Second Circuit as a successive petition. By order dated May 3, 2005, the Second Circuit denied as unnecessary petitioner's request to file a successive petition in light of the fact that his initial motion pursuant to § 2255 had been filed before he was sentenced. Stantini v. United States, 140 F.3d 424, 426 (2d Cir. 1998) ("Simply, as [petitioner] was not in custody under sentence at the time he filed the Initial Motion and at the time that motion was decided, it is not properly considered a § 2255 motion."). Tairu's case is not on all fours with Stantini. While Tairu, like Stantini, had not been sentenced at the time he filed his original motion, his conviction and sentence had been affirmed by the Second Circuit on direct appeal before the district court denied the motion. The court will nonetheless consider the petition filed on February 22, 2005.

The Second Circuit affirmed Tairu's conviction on September 24, 1992. Petitioner's conviction became final ninety (90) days later, on approximately December 23, 1992. Convictions that became final before the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), such as petitioner's, were entitled to a one-year grace period. See Duncan v. Walker, 533 U.S. 167, 183 (2001). Unless tolled, the one-year statute of limitations for federal habeas review of such convictions expired on April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). Because almost six and one-half years transpired between the date that petitioner's conviction became final and the date that he requested permission, by letter dated December 5, 2003, to file a successive petition for a writ of habeas corpus, the petition

raises questions regarding the one-year statute of limitations under the AEDPA.[1] The court notes that, after that request was denied by the Second Circuit on March 30, 2004, petitioner waited approximately eleven months before filing the instant petition.

The limitations period under section 2255 may be equitably tolled in rare and exceptional circumstances where the petitioner demonstrates that those circumstances prevented the petitioner from filing the petition on time and that the petitioner acted with reasonable diligence throughout the period the petitioner seeks to toll. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001); Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000) (listing requirements for equitable tolling for a state habeas corpus petition). To merit application of equitable tolling, the petitioner must also demonstrate that, "despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17).

Petitioner is hereby ordered to show cause by written affirmation, within sixty (60) days from the date of this order, why his habeas petition should not be dismissed as time-barred by demonstrating that the statute of limitations should be equitably tolled. Acosta v. Artuz, 221

---

[1] 28 U.S.C. § 2255 reads, in pertinent part:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the court dismisses a petition as time-barred). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations.

No answer shall be required at this time and all further proceedings shall be stayed for sixty (60) days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 11, 2005
Brooklyn, New York

SERVICE LIST:

*Pro Se* Petitioner
Suraj O. Tairu
29421-053
Petersburg F.C.C.
P.O. Box 90043
Petersburg, VA 23804

Attorney for Respondent
United States Attorney's Office
1 Pierrepont Plaza
Brooklyn, NY 11201